**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

      v.                            **8:08-CR-711**
                                    **(GLS/DNH)**
**GERALD AUMAIS,**

                **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE UNITED STATES:**
HON. RICHARD S. HARTUNIAN      ELIZABETH A. HORSTMAN
United States Attorney                  Assistant U.S. Attorney
Gateway Building, Room 340
14 Durkee Street
Plattsburgh, New York 12901

**FOR DEFENDANT:**
HON. ALEXANDER BUNIN            GENE V. PRIMOMO
Federal Public Defender             Assistant Federal Public Defender
39 North Pearl Street
Albany, New York 12207

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM DECISION and ORDER

### I. Introduction

On February 4, 2009, defendant Gerald Aumais pleaded guilty to transportation in foreign commerce and possession of child pornography in

violation of 18 U.S.C. §§ 2252A(a)(1) and (5)(B), and 2256(8)(A.)  (Dkt. No. 4.)  Prior to sentencing, the Government moved to bifurcate the issues of restitution and sentencing.  (Dkt. No. 18.)  "Amy," a pseudonym for one of the individuals depicted in the materials possessed by Aumais formally requested restitution from Aumais.  (Dkt. No. 27.)  On September 30, 2009, Aumais was sentenced to 121 months imprisonment, and was remanded to begin his service.  On December 3, 2009, this court referred the issues relating to restitution to Magistrate Judge David N. Homer.  On December 22, 2009, an evidentiary hearing was held during which, Dr. Joyanna Silberg, Ph.D., a clinical psychologist who examined Amy, testified.  Thereafter, Judge Homer recommended that Aumais pay Amy $48,483 in restitution.  (Dkt. No. 49.)  Pending is Aumais's objections to Judge Homer's R&R.  For the reasons that follow, the R&R is adopted in its entirety.

## II.  Standard of Review

A district court may refer issues arising in connection with a proposed order of restitution to a magistrate judge for proposed findings of fact and recommendations, which are then subject to a de novo determination by the court.  *See* 18 U.S.C. § 3664(d)(6).  Accordingly,  before entering final

2

judgment, the court will review Judge Homer's R&R de novo.

### III. Discussion

Aumais has raised several specific objections.  First, Aumais argues that the harm caused Amy was not a result of the offense committed by him.  Second, he argues that the award of damages failed to comply with 18 U.S.C. §§ 2559 and 3664.  Third, he argues that the order of restitution for future counseling is inappropriate because the amount of loss is too difficult to confirm or calculate.  And fourth, he argues that the decision to hold him jointly and severally liable was an abuse of discretion because it is not supported by the offense.

The court has reviewed the specific objections de novo and finds them to be without merit.  Each fo these arguments was considered and rejected by Judge Homer and the court concurs with his conclusions of fact and law supporting that rejection.  Accordingly, for the reasons aptly stated in the R&R, it is adopted in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation of Magistrate Judge David R. Homer January 13, 2010 Report and Recommendation Order (Dkt. No. 49) is adopted in its entirety; and it is further

**ORDERED** that an order of restitution in favor of Amy be entered against Aumais under § 2259 in the total amount of $48,483; and it is further

**ORDERED** that an Amended Judgment be issued; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 3, 2010
Albany, New York

_____
United States District Court Judge